GILBERT YOUNG *v.* LABAN J. BRADFORD.

**Vendor and Purchaser—Vendor's Lien—Foreclosure.**

Where the petition in an action to foreclose a vendor's lien did not
show the sum for which the land was sold nor state that the notes
sued on were purchase-money notes, it will not authorize a judgment
for the sale of the land.

APPEAL FROM BRACKEN CIRCUIT COURT.

September 2, 1873.

OPINION BY JUDGE LINDSAY:

The petition in this cause did not authorize a judgment for
the sale of the land described therein. It does not show the sum
for which the land was sold, nor does it state that the notes sued
on were executed for the purchase price of such land.

The land was sold on the 18th of February, 1868, and the notes
were not executed until the 17th of June thereafter.

There is nothing in the petition showing any connection what-
ever between the sale of the land and the execution of the notes,
and it is not to be presumed that any connection exists.

The amended answer tendered on the 5th of December, 1872, is
made part of the record, and although it was not allowed to be
filed, this fact authorizes this court to answer it.
the notes were executed is part of one of the two tracts alleged to

If it be true that the tract of land for the purchase price of which
have been sold and conveyed by Daniel Coleman to Charles Bur-
ress, and that N. D. Coleman, who is charged to be the vendor of
appellee, release all claim to said lands to the heirs of Burress, then
appellee holds no such title as will authorize him to have a specific,
performance of his contract of sale to appellant.

It is distinctly alleged that by his bond he agreed to convey with general warranty, and although the bond is not on file, yet for the purposes of the motion to file the amended answer this allegation must be taken as true.

The judgment is reversed and upon the return of the cause appellee should be allowed to amend his petition and the amended answer of appellant which is complete within itself will be filed. Further proper proceedings will then be had.

*Robt. K. Smith, for appellant.*

———, *for appellee.*